IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MILES MUSGRAVES,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No. 19-CV-00548-NJR<br><br>Criminal No. 13-CR-30276-NJR-1 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 1) filed by Petitioner Miles Musgraves ("Musgraves"). For the reasons set forth below, the motion is denied.

### FACTUAL & PROCEDURAL BACKGROUND

On November 21, 2013, Musgraves was indicted on five counts, as follows:

- Count 1: Maintaining Drug-Involved Premises Near a School, 21 U.S.C. §§ 860, 856(a)(1) & (b);

- Count 2: Conspiracy to Distribute Cocaine, 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(C);

- Count 3: Felon in Possession of Ammunition, 18 U.S.C. §§ 922(g)(1), 924(e);

- Count 4: Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1), 924(e);

- Count 5: Distribution of Cocaine Near a School , 21 U.S.C. §§ 860, 841(a)(1), (b)(1)(C).

*United States v. Musgraves*, 13-cr-30276-NJR-1 at Doc. 1 (S.D. Ill.).

Before trial, Musgraves's attorney Steven Schattnik filed motions seeking to suppress statements made on the day Musgraves was arrested, arguing the search warrant for Musgraves's residence was infirm, and seeking to suppress evidence of a crack cocaine purchase from Musgraves. *Id.* at Docs. 60, 61, 65. Schattnik further attempted to subpoena records from the Alton police department. *Id.* at Docs. 78-88. On February 6, 2015, a hearing was held on Musgraves's evidentiary motions, and Schattnik presented evidence regarding one of the affiants who provided probable cause for the warrant. *Id.* at Doc. 90. All of Musgraves's motions were denied. *Id.*

At trial, Schattnik presented Musgraves's defense, which consisted of calling five witnesses and presenting exhibits including certain affidavits that had formed the basis of the search warrant. *Id.* at Doc. 103, 104-2. At the close of trial, the Court provided standard jury instructions, including describing the elements of an offense under 21 U.S.C. §§ 856 and 860, and the jury found Musgraves guilty on all counts. *Id.* at Doc. 106-1, 106-7, Docs. 107 to 113. On June 26, 2015, the Court sentenced Musgraves to 240 months in prison. Doc. 152, 155.[1]

Musgraves appealed to the Seventh Circuit, challenging the sufficiency of the affidavits used to provide probable cause supporting the search warrant for his home. *United States v. Musgraves*, 831 F.3d 454 (7th Cir. 2016). The Seventh Circuit found that there was sufficient probable cause for the search warrant, affirming his conviction on Counts 1 and 3, but vacated his conviction on Counts 2, 4, and 5, remanding for

---

[1] Judge Michael J. Reagan presided over Musgraves's criminal case. Judge Reagan has since retired from federal service and thus this motion was transferred to the undersigned.

resentencing. *Id.* At resentencing, over Musgraves's objection the Court imposed a career offender sentencing enhancement and further found by a preponderance of the evidence that Musgraves had committed the conduct charged in Counts 4 and 5, considering the acquitted conduct in weighing statutory sentencing factors. *Musgraves*, 13-cr-30276-NJR-1 at Doc. 220. The Court again imposed a 240-month sentence. *Id.* Musgraves again appealed, challenging consideration of the acquitted conduct at sentencing, but the Seventh Circuit affirmed the re-imposed sentence. *United States v. Musgraves*, 883 F.3d 709 (7th Cir. 2018).

Musgraves mailed the instant motion on May 23, 2019, and it was received by this Court and filed on May 28, 2019 (Doc. 1). Taken together, his filings seek collateral review on the following grounds, which generally deal with either ineffective assistance of counsel or deficiencies in his plea:

(1) The search warrant for Musgraves's house was obtained in bad faith and through prosecutorial misconduct;

(2) Ineffective assistance of counsel based on trial counsel's failure to file substantive pretrial motions, requests a "grand jury array" and verify grand jury transcripts, file objections to jury instructions, and conduct an adequate and independent pretrial investigation; appellate counsel's failure to challenge the Government's violation of the confrontation clause and file a petition for a writ of certiorari.

### LEGAL STANDARD

An action brought under 28 U.S.C. § 2255 represents an attempt to collaterally attack a sentence outside of the traditional avenue of appeal and as such relief under Section 2255 "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or other fundamental defect that resulted in a

complete miscarriage of justice. *Blake v. United States,* 723 F.3d 870, 878 (7th Cir. 2013); *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Section 2255 cannot be used as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009); *White v. United States,* 371 F.3d 900, 902 (7th Cir. 2004).

Section 2255 cannot be used as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009); *White v. United States,* 371 F.3d 900, 902 (7th Cir. 2004). "Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017) (citing *Hale v. United States*, 710 F.3d 711, 713–14 (7th Cir. 2013)). "Procedurally defaulted constitutional claims are not considered on collateral review unless the petitioner shows either (1) actual innocence or (2) cause and prejudice." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). "To excuse a procedural default for cause and prejudice, a petitioner must demonstrate both (1) good cause for his failure to raise the defaulted claim before collateral review and (2) actual prejudice stemming from the violations alleged in the defaulted claim." *Id.* (citing *Theodorou v. United States*, 887 F.2d 1336, 1340 (7th Cir. 1989)).

"[A]n evidentiary hearing is not warranted for every § 2255 petition." *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004) (citing *Key v. United States*, 806 F.2d 133 (7th Cir. 1986)). "Pursuant to § 2255, the district court has discretion to deny an evidentiary hearing where the motion, files, and records of the case conclusively show that the

prisoner is entitled to no relief." *Id*. at 641-642 (citing *United States v. Kovic*, 830 F. 2d 680 (7th Cir. 1987)).

## ANALYSIS

Based on its review of the filings, the Court concludes that the issues in this action can be resolved on the existing record, as discussed below. Accordingly, an evidentiary hearing is not warranted here.

### I. Search warrant claims

Musgraves wishes to seek collateral review of his sentence based on allegations related to the warrant for the search of his house. However, the sufficiency of probable cause to support the warrant was the subject of arguments during pre-trial, at trial, and during Musgraves's first direct appeal. Accordingly, his arguments are procedurally defaulted and cannot be considered absent a showing of either actual innocence or good cause for failure to raise the claims earlier. Here, Musgraves does not attempt to argue actual innocence, and his claims appear to merely repeat those that he made earlier. While Musgraves appears to suggest that he has new information regarding the affidavits underlying the warrant, he presents nothing to back up this contention besides vague and unsubstantiated allegations. Accordingly, Musgraves's arguments regarding the search warrant cannot be considered in this proceeding.

### II. Ineffective assistance of counsel claims

a) *Applicable Law*

Claims of ineffective assistance of trial counsel can generally be raised for the first time via a Section 2255 motion, as opposed to on direct appeal. Indeed, such claims

generally are better suited for collateral review under Section 2255, where a fuller record can be developed. *See, e.g.*, *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Walltower*, 643 F.3d 572, 579 (7th Cir. 2011).

The Sixth Amendment provides that in all criminal prosecutions, "the accused shall enjoy the right … to have the Assistance of Counsel for his defense." The right to assistance of counsel encompasses the right to effective assistance of counsel. *Blake*, 723 F.3d at 879 (citing *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009)).

Under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984), to succeed in showing ineffective assistance of counsel a defendant must prove that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. 688 at 669. "A court does not have to analyze both prongs of the *Strickland* test" because "[a] defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F. 3d 530, 533 (7th Cir. 1993) (citation omitted).

Where a petitioner alleges ineffective assistance of counsel based on a failure to investigate or present additional evidence, he cannot rely on vague allegations and tendentious theories, but rather bears the burden of presenting with some particularity what additional evidence could have been uncovered and presented and how this additional information would have had a reasonable probability of changing the outcome. *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003); *see also Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005)).

b) *Discussion*

Musgraves's motion presents a classic case of a defendant seeking to argue ineffective assistance of counsel but providing only vague and unsubstantiated allegations as to the supposedly ineffective representation. Many of Musgraves's allegations are directly contradicted by the record. For example, Musgraves states that his trial counsel failed to make any substantive pretrial motions, yet the record shows that his counsel in fact made several motions to suppress evidence, all of which were denied. Similarly, Musgraves suggests that his counsel failed to object as to jury instructions, though the record shows that his counsel in fact did seek to have jury instructions modified.

Where his objections are not directly contradicted by the record, Musgraves has failed to present any evidence that the actions he objects to were not valid strategic decisions, or that any alternate course that he suggests would have been likely to have any result. For example, he argues that appellate counsel should have made arguments regarding the confrontation clause and should have filed a petition for certiorari, but the deciding to present certain issues on appeal and not others is a routine matter of litigation strategy, and there is no indication that counsel's conduct was unreasonable. Similarly, it seems highly unlikely that any petition for certiorari would have been accepted by the Supreme Court or would have led to a different outcome. Likewise, Musgraves argues that his trial counsel should have conducted a more thorough pretrial investigation, but does not provide any evidence that might have been uncovered had such an investigation occurred. Overall, without delving into the granularity of each of Musgraves's arguments

regarding the performance of his counsel, he has failed to satisfy either prong of the *Strickland* standard on any point that he has advanced.

## CONCLUSION

For the reasons set forth above, the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 1) is **DENIED**. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED: May 15, 2020**

*Nancy J. Rosenstengel*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**