IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MILES MUSGRAVES, | |
| Petitioner, | |
| v. | Civil No. 19-CV-00548-NJR |
| UNITED STATES OF AMERICA, | Criminal No. 13-CR-30276-NJR-1 |
| Respondent. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Relief from Judgment (Doc. 27) filed by Petitioner Miles Musgraves ("Musgraves"). For the reasons set forth below, the motion is denied.

### FACTUAL & PROCEDURAL BACKGROUND

Musgraves was indicted in 2013 on charges involving possession of firearms and narcotics. In 2015, Musgraves was found guilty on all counts and sentenced to 240 months in prison (Docs. 152, 155). Three counts of his conviction were vacated by the Seventh Circuit in 2016, but the same 240-month sentence was imposed on resentencing. Musgraves filed a second appeal, but the Seventh Circuit affirmed the re-imposed sentence in 2018. *United States v. Musgraves*, 883 F.3d 709 (7th Cir. 2018).

Musgraves first filed a petition for collateral review of his conviction under 28 U.S.C. § 2255 on May 28, 2019 (Doc. 1). Musgraves argued that (1) the search warrant for his house was obtained through bad faith and prosecutorial misconduct, and (2) he received ineffective assistance of counsel on trial and at appeal. In its Order of May 15, 2020, the Court rejected

those arguments, finding insufficient evidence of ineffective assistance of counsel and noting that his claims relating to his search warrant were procedurally defaulted (Doc. 15).

On June 9, 2020, Musgraves filed a Motion to Alter and Amend under Federal Rule of Civil Procedure 59(e), submitting affidavits from Kenneth Boner and Debbie Boner (Doc. 18). Musgraves argued that those affidavits undercut the initial probable cause determination underlying the search of his apartment. The Court denied the motion, finding that Musgraves's claims regarding the purportedly new affidavits were in fact procedurally defaulted, and noting that even if the claims were not defaulted the affidavits were unpersuasive and would not provide sufficient basis for altering the judgment. Musgraves's claims regarding ineffective assistance of counsel raised the same arguments already rejected by the Court in his initial petition and provided no basis for altering the judgment.

Musgraves filed the instant motion on September 18, 2020, seeking relief from judgment under Rule 60(b). Noting that the Court's initial ruling on his petition found that he presented only vague and unsubstantiated allegations as to ineffective representation of counsel, Musgraves now asks the Court to reopen his § 2255 proceeding to "ensure that a liberal construction was fully applied through the entire motion" arguing that when liberally construed his arguments "become plausible" (Doc. 27 at 3-4). Musgraves again raises the issue of the affidavits from Kenneth and Debbie Boner, arguing that his counsel should have introduced the affidavits at an earlier stage, that his arguments regarding the affidavits should not be considered procedurally defaulted, and that the Court erred in concluding that the affidavits were unpersuasive.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final

judgment for a number of exceptional reasons, including "any other reason that justifies relief[.]" FED. R. CIV. P. 60(b)(6). The purpose of this rule is to give Courts "the power and discretion to modify their judgments when truly new facts come to light or when the judge recognizes an error and believes it should be corrected." *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018). This relief, however, should be reserved only for "extraordinary situations where a judgment is the inadvertent product of special circumstances and not merely erroneous application of law." *Id.*

The scope of a court's ability to grant relief under Rule 60(b) is more limited in a proceeding under 28 U.S.C. § 2255. A defendant is not permitted to make successive petitions for relief under § 2255, absent new evidence or a new rule of retroactively applied constitutional law. 28 U.S.C. § 2255(h). Accordingly, where a motion under Rule 60(b) seeks to attack a court's previous resolution of a § 2255 claim on the merits, it should be denied as an impermissible successive habeas petition. *Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).

## ANALYSIS

Without reciting every argument that Musgraves makes in granular detail, his motion can generally be summarized as disagreeing with the Court's reasoning as to his initial petition and his motion to amend/alter judgment. Musgraves feels that the Court should have construed his arguments more liberally, that it was wrong not to conclude that certain actions not taken by his counsel showed ineffective assistance, that his counsel failed to advance an argument that was a "dead bang winner[,]" and that the Court made the wrong conclusions in its examination of the affidavits of Kenneth and Debbie Boner (Doc. 27). As these contentions all repeat the arguments made by Musgraves at numerous stages in his criminal and habeas proceedings and seek merely to dispute the

Court's conclusion on the merits, his Rule 60(b) motion must be construed as an impermissible successive habeas petition and denied on that basis.

Musgraves argues that a Rule 60(b) motion may seek to challenge a decision in a habeas proceeding where it attacks "some defect in the integrity" of the proceeding, rather than seeking to dispute the substance of the district court's merit ruling (Doc. 27 at 1-2). Musgraves states that he merely seeks to have the underlying Section 2255 proceeding reopened "to determine if there were indeed such defects present" (*Id*.). Musgraves does not, however, actually argue that there were any defects in the integrity of the Court's earlier proceedings, instead raising the same arguments that he asserted in the underlying proceeding and merely disagreeing with the Court's reasoning and conclusions. Musgraves's aggrieved insistence that the Court was wrong does not amount to a procedural defect undermining the integrity of the Section 2255 proceeding, nor do his arguments otherwise provide any basis for the Court to set aside the judgment and reopen the proceeding.

## Conclusion

For the reasons set forth above, the Motion for Relief from Judgment (Doc. 27) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 1, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**